JEFFREY A. CALVERT and JANET L. CALVERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calvert v. Commissioner
Docket No. 6131-80[1]
United States Tax Court
T.C. Memo 1982-649; 1982 Tax Ct. Memo LEXIS 87; 45 T.C.M. (CCH) 69; T.C.M. (RIA) 82649; November 15, 1982. Jeffrey A. Calvert, pro se. David W. Johnson, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Fred R. Tansill pursuant to section 7456(c) [2] and Rules 180, et seq., Tax Court Rules of Practice and Procedure; the provisions of Rule 182 are not applicable to these proceedings. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Taxable year
Addition to tax pursuant to section
ended Dec. 31
Deficiency
6651 (a)
6653 (a)
1975
$1,953.57
$97.68
$201.72
1976
$1,251.62
$ 71.47
*89 Numerous adjustments to tax having been conceded by petitioners, the issue remaining for our consideration is whether Jeffrey A. Calvert's receipt of $23,882.14 in 1975 and $18,572.45 in 1976 from the Diamond C. Western Mart partnership is subject to the tax on self-employment income pursuant to sections 1401 and 1402. Petitioners appeared to concede the additions to tax in a Stipulation of Facts entered by the parties, but denied in their brief having stipulated to such liability. We will address the additions to tax in this opinion. Otherwise, the facts as stipulated are found. Petitioners, husband and wife filing joint returns for the years in question, resided in Pasadena, Texas when the petition was filed. Petitioner Jeffrey A. Calvert (hereinafter referred to as petitioner) was a fifty percent partner in the Diamond C. Western Mart partnership. Petitioner's earnings from the partnership for 1975 and 1976, respectively, were $24,548.22 and $18,779.40. Respondent determined that, after reducing these amounts by partnership interest income, [3] petitioner's portion of the partnership income which constituted "net earnings from self-employment" was $23,882.14 in 1975 and *90 $18,572.45 in 1976. These amounts are borne out by the Schedules K-1 attached to the Forms 1065, partnership returns. Petitioners do not contest respondent's mathematical computations. Rather, they deny that the self-employment tax applies to the income derived from the Diamond C. Western Mart partnership. Their arguments, based upon an historical analysis of taxation concepts and terms used in the Internal Revenue Code, can be summarized as follows: 1. The partnership is a "common law" enterprise, not relying on the corporate form or any government license or permit, nor is it a governmental body, unit, or subdivision. As a result the partners are not "employees" [per section 7701(b)] [4] liable for the self-employment tax. 2. The tax on "wages" does not *91 apply to pay given to private workers under common law, as it does to government employees. The self-employment tax is levied on wages for "personal services" to a "business." Since it has not been stipulated or proven that the partnership's store is a "business" its earnings are not subject to chapter 2. 3. It is unclear whether the self-employment tax is a "property tax" or an "excise tax," which, pursuant to constitutional principles, must be apportioned among the states. Additionally, petitioner's opening brief appears to argue that the "Social Security System" will be bankrupt before he can collect retirement funds from it, and so he opposes its operation. While admitting that this is not ground for a tax exemption, he does argue that the Internal Revenue Code contains "inherent ambiguities," and that the rules of statutory construction require resolution of such ambiguities in favor of the taxpayer rather than the Government. None of petitioner's arguments exempt his partnership income from the self-employment tax. Section 1401(a) imposes a tax on "self-employment income *92 of every individual." Section 1402(b) defines "self-employment income" as "net earnings from self-employment" which, in turn, is defined as "the gross income derived by an individual from any trade or business * * * plus his distributive share * * * of income * * * from any trade or business carried on by a partnership of which he is a member." Section 1402(a). This section also provides for certain exclusions, such as for the interest income which has been accounted for here. Petitioner was a fifty percent partner of the partnership. His distributive share of its income was clearly reflected in the partnership returns, and properly determined by respondent. We do not share petitioner's confusion with the terms "employment," "wage," "income," and "business." The tax imposed by section 1401 is a tax upon income derived from specified sources which include income from partnerships. There is no ambiguity affecting the words of the statute in this context. Diamond C. Western Mart was a partnership engaged in the business of selling western clothing. Since petitioner was a member of the partnership, his distributive share of partnership income falls precisely within the meaning *93 of section 1402(a). See Estate of Ellsasser v. Commissioner,61 T.C. 241 (1973). We reject petitioner's attempt to convince us that the words do not mean what they appear to mean. "The legislature is presumed to use words in their known and ordinary signification." Old Colony R. Co. v. Commissioner,284 U.S. 552, 560 (1932); Levy's Lessee v. McCartee,31 U.S. 66, 72, 6 Pet. 102, 110 (1832). Petitioner's distributive share of partnership income falls squarely subject to the self-employment tax. Petitioner has stipulated that he does not question respondent's computations, so we find that respondent's determination of deficiency is correct. It is unclear whether petitioners have stipulated to the additions to tax under section 6651(a) and 6653(a).However, no evidence has been produced on these issues. The burden of proof is on the petitioner to demonstrate absence of negligence or intentional disregard of the rules under section 6653(a). Gallagher v. Commissioner,75 T.C. 313 (1980); Vaira v. Commissioner,52 T.C. 986 (1969), *94 affd. on this issue, 444 F.2d 770 (3rd Cir. 1971); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner's argument is directly contrary to established law. He argues at length that the language and purpose of the Internal Revenue Code have been misread and misapplied throughout its history, and that taxpayers, generally, do not owe the taxes they pay. This argument borders on the frivolous. We can only conclude that petitioner was aware that his position could not be supported by any reasonable interpretation of statutes, regulations, or precedent. The failure to pay taxes is due to negligence and intentional disregard of the rules and regulations. Finally, it is also petitioners' burden to establish a reasonable cause for their late filing of the 1975 return to avoid the addition to tax under section 6651(a). Estate of Vriniotis v. Commissioner,79 T.C. 298 (1982). Petitioners offered no explanation, so the addition to tax must be sustained. In view of the foregoing, Decision will be entered for the respondent.
Footnotes
1. This case was originally docketed as Docket No. 6131-80S. Petitioners moved to transfer the case out of the Small Case category, which motion was granted by order of the Special Trial Judge dated March 30, 1981.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Section 1402(a)(2)↩.
4. Section 7701(b)↩ actually defines "includes" and "including" in relation to the term "employee." Petitioner's argument that this section defines or limits the term "employee" is obviously misplaced.